J-A17016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERNEST WILLIAMS, | |
| Appellant. | No. 1569 WDA 2016 |

Appeal from the Judgment of Sentence, July 5, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0016085-2013.

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

CONCURRING AND DISSENTING MEMORANDUM BY KUNSELMAN, J.:

FILED: January 31, 2019

This case is a procedural train wreck.  The first suppression judge heard testimony from the officers, but did not see the video that purported to give them probable cause to stop Williams, because the video was inoperable. Then, that judge refused to re-open the record to watch the video and see whether it contradicted the officers' testimony.   Later, that judge recused from the case.

Upon a motion to open the record presented to another judge, that judge looked at the video, but did not have the benefit of hearing the officers' testimony first-hand and observing their demeanor on the stand.  Moreover, counsel for Williams never got to cross-examine the officers about the video. Instead, the new judge, bound by the coordinate jurisdiction rule, made a

determination that he could not overrule the first judge. **See Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995) (noting that under the law of the case doctrine, a court involved in later phases of litigated matter should not reopen questions decided by another judge of that same court or by higher court in earlier phases of the matter). From my reading of the record and the trial court opinion in this case, it did not appear to me that the second judge performed a *de novo* review of this issue. Under these facts, I believe the first suppression judge erred and the error was not cured by the second judge merely watching the video. I don't believe the video, as it was "introduced" in this case, is even properly part of the record from the suppression hearing for this Court to view as part of its appellate review to the suppression court's ruling. As such, I believe Williams is entitled to a new suppression hearing, and I dissent from the Majority decision on this issue.

I would remand this case to the court below with directions to conduct a new suppression hearing. If, after a new hearing, the suppression judge determines that the evidence concerned should not be suppressed, then the judgment of sentence should stand affirmed. If, on the other hand, it determines that the evidence concerned or a part of it should be suppressed, then the judgment of sentence should be vacated and a new trial be granted. **Commonwealth v. Ryan**, 419 A.2d 762, 763 (Pa. Super. 1980).

As for whether probable cause existed to arrest Williams without a warrant, if the court relied only on the officer's testimony, without the video evidence, then probable cause existed to arrest Williams. However, the real

issue is whether the officers' testimony was credible. Because I believe Williams did not get a full opportunity to question the officers' credibility at the suppression hearing because the video was inoperable, again, I believe a remand for a new suppression hearing is warranted.

As for Williams' final claim regarding the failure to dismiss a juror who saw him in the courthouse hallway, I concur with the Majority decision on that issue.